### NEWLAND vs. ROGERS.

Multifariousness, properly speaking, is where different matters, having no connection with each other, are joined in a bill against several defendants, a part of whom have no interest in, or connection with, some of the distinct matters for which the suit is brought; so that such defendants are put to the unnecessary trouble and expense of answering and litigating matters stated in the bill, in which they are not interested, and with which they have no connection.

A simple misjoinder of different causes of complaint, between the same parties, and which causes cannot conveniently and properly be litigated together, is sometimes called multifariousness; but the ground of objection, in such cases, depends upon an entirely different principle from multifariousness, properly so called, and is a mere question of convenience.

The court of chancery abhors a useless multiplication of suits between the same parties, and endeavors to prevent it, as far as practicable. Hence it will not allow separate bills to be filed for different parts of the same account, between the same parties; although the account relates to transactions which are not necessarily connected with each other.

Accordingly, to sustain the objection that several distinct matters and causes of complaint between the same parties, are improperly joined in the same bill, such matters must be of such different natures, or the forms of proceeding in relation to such several matters must be so different, that it would be improper, or very inconvenient, to litigate the same in one suit.

There is no general principle, of the court of chancery, that distinct matters, between the same parties, who sue or are sued in the same right or capacity, cannot be united in the same bill. On the contrary, it is settled that matters of the same nature, between the same parties, although arising out of distinct transactions, may properly be joined in the same suit.

THIS was an appeal from a decretal order of the late vice chancellor of the third circuit, overruling the demurrer of the defendant to the bill of complaint in this case.

The bill stated that in 1836 the complainant and the defendant commenced the business of buying and selling spars, ship timber, and other lumber for the New-York and other markets, on joint account, and to share equally in the profits and loss. Several quantities of lumber were purchased and sold, on some of which there was a profit and on some a loss, and that something was lost by bad debts; that in 1837 the parties had a settlement of this lumber transaction, in which three important errors occurred, against the complainant, which were particu-

Newland v. Rogers.

larly stated in his bill, and that other errors occurred in that settlement. The bill also stated that in 1836 the complainant and the defendant also were engaged in the business of purchasing standing timber and timber lands in the state of Pennsylvania, and in buying timber to be taken down the Susquehannah river, which business was carried on for them by an agent, and that the titles to most of the standing timber and timber lands were taken in the name of the defendant alone, or had been transferred to him by the agent in whose name the same were originally taken, but the title to one lot was taken in the name of the complainant; and that upon a partial settlement of that transaction, a considerable sum was found due to the complainant for his advances and disbursements; and that the complainant was also entitled to be allowed for several other sums, for expenses and disbursement in relation to the Pennsylvania transactions which were not brought into that partial settlement; a schedule of which sums was annexed to the bill of the complainant. The bill further stated that the defendant had in his possession two promissory notes of the complainant, dated in November, 1841, payable to the order of the defendant in eight and ten months, which notes were given and delivered to the defendant to be used in a timber trade for their joint benefit, if the said trade should be consummated; but which was never done, so that such notes were wholly without consideration; but that the defendant refused to give them up, and claimed to hold them as evidences of debts due from the complainant.

The complainant therefore prayed that the defendant might be decreed to account and settle with him for the several mistakes and omissions in the settlement of 1837, relative to the first mentioned lumber transactions; and to pay him the half of his expenditures and disbursements on account of the Pennsylvania purchases, which had not been paid, as mentioned in the schedule annexed to the bill, and to convey to him the one half of the Pennsylvania standing timber and timber lands which were held by the defendant in his own name; the complainant offering to convey to the defendant the half of the lot standing

in the name of the complainant; and that the defendant might be decreed to surrender up and cancel the two notes of November, 1841; or that the complainant might have such further or other relief as the nature of his case might require and as was agreeable to equity.

The defendant demurred to the whole bill, for multifariousness; stating as cause of demurrer that the bill was exhibited for several distinct causes and matters which were of different natures, in no way connected with each other, but wholly disconnected, and having no reference or relation to each other. The vice chancellor decided that the demurrer for multifariousness was not well taken; from which decision the defendant appealed.

*E. H. Rosekrans*, for the appellant.

*David Buel*, for the respondent.

THE CHANCELLOR. There does not appear to be any necessary connection between the business of purchasing standing timber, and timber lands and timber to be floated down the Susquehannah, in the state of Pennsylvania, by the parties to this suit, which business was carried on through their agent Patchin, and the business of buying and selling lumber for the New-York market, which was carried on by the parties themselves, or by the complainant for himself and Rogers, in this state. Nor is the giving of the two notes, as stated in the bill, necessarily connected with either of the other transactions; though the notes were given for the purpose of enabling the defendant to consummate a lumber trade on the joint account of the parties.

The appellant's counsel is wrong, however, in supposing that two distinct and independent matters or claims, by the same complainant against the same defendant, cannot properly be united in one bill. Multifariousness, properly speaking, is where different matters, having no connection with each other, are joined in a bill against several defendants, a part of whom

have no interest in, or connection with some of the distinct matters for which the suit is brought; so that such defendants are put to the unnecessary trouble and expense of answering and litigating matters stated in the bill, in which they are not interested, and with which they have no connection. But a simple misjoinder of different causes of complaint, between the same parties, which causes cannot conveniently and properly be litigated together, is sometimes called multifariousness; though the ground of objection in such cases depends upon an entirely different principle; and is a mere question of convenience in the administration of justice. In cases of strict multifariousness the objection to the form of the bill is based upon the evident impropriety of compelling a part of the defendants to answer and litigate matters in which they are not interested, and which are not so connected with matters in which they are interested, as to render it proper, for the convenient administration of justice, to litigate and dispose of the whole in one suit. But the court of chancery abhors a useless multiplication of suits between the same parties, and endeavors to prevent it, as far as practicable. For this reason the court will not allow separate bills to be filed, for different parts of the same account between the same parties; although the account relates to transactions which are not necessarily connected with each other. (*Purefoy* v. *Purefoy*, 1 *Vern. Rep.* 29.) Therefore, to sustain the objection that several distinct matters and causes of complaint between the same parties are improperly joined in the same bill, such matters must be of such different natures, or the forms of proceeding in relation to such several matters must be so different, that it would be improper, or very inconvenient, to litigate the same in one suit. For there is no such general principle in the court of chancery, that distinct matters between the same parties, and who sue or are sued in the same right or capacity, cannot properly be united in the same bill. On the contrary, there are several cases in which it has been held that matters of the same nature, and between the same parties, although arising out of distinct transactions, may be joined in the same suit. These cases are mostly referred to in the well

Newland v. Rogers.

considered opinion of Lord Cottenham, in *Campbell* v. *Mackay*, (1 *Mylne & Craig's Rep.* 616.)   And his lordship notices, particularly, the decisions of the vice chancellor and of Lord Brougham, in the case of *The Attorney General* v. *The Merchant Tailor's Company*, (1 *Myl. & Keen's Rep.* 189.)   In that case an information was filed to establish eight charitable trusts created by different persons between the years 1518 and 1682.   And although the objects of the several trusts were not the same, and the trust moneys in some of them were to be loaned without interest, and in others upon interest, but at different rates, yet as the general objects of the various trusts, except one, were in favor of the members of the company or of its poor members, or the widows and orphans of deceased members, the court held that seven of the charitable trusts were properly joined in the same information.   But in relation to the eighth trust, as another corporation was interested in the trust and was a necessary party to the suit to establish that trust, but had no connection whatever with the other seven trusts, the court permitted the information to be amended by striking out what related to that trust; leaving it to stand as a valid information as to the other seven.

In the case under consideration there is no difficulty in joining all the matters of the bill in one suit, so far as the complainant is entitled to equitable relief in relation to them; and it will save expense and facilitate the settlement of the several matters in controversy by the decree of the court, to have them all litigated and settled together.   For if the allegations in the bill are true, the defendant is indebted to the complainant, as well upon the joint concern between them in relation to the purchase of lumber and standing timber and timber lands in the state of Pennsylvania, as upon the business of purchasing and selling lumber here in 1836.   And an account must be taken in relation to both transactions.   Nor is there any difficulty in giving to the complainant the additional relief sought; by directing the conveyance to him of the one half of the standing timber and the timber lands in Pennsylvania, or so much thereof as may remain after paying, out of the proceeds of a sale of a part

Newland *v.* Rogers.

thereof, the balance which may be found due to him for his expenses and disbursements upon the purchase thereof, beyond his proportionate share.

In relation to the two notes, I am inclined to think there is no ground for equitable relief, if they remained in the hands of the defendant at the time of the commencement of the suit. For as they had been long past due, they could not be transferred to a third person, so as to constitute him a bona fide holder thereof. And upon the statement in the bill, the defendant could not have recovered thereon in his own name; and a discovery from him is waived by the bill. That, however, was a proper ground of demurrer to that part of the bill only, for want of equity. And it cannot lay the foundation for an objection to the whole bill for multifariousness; or for a misjoinder of distinct subjects of equitable relief. On the other hand, if the defendant had sold the notes to a bona fide purchaser, then the amount of them formed a proper subject of account between the complainant and defendant, upon the other facts stated in this bill. The case of *Boyd & Suydam* v. *Hoyt & Parsel*, (5 *Paige's Rep.* 65,) as well as most of the other cases relied on by the counsel for the appellant, were cases of multifariousness properly so called; where some of the defendants who were interested in one of the distinct causes of complaint mentioned in the bill, had no connection with, and no interest in, the other causes of complaint as to which their co-defendants alone were proper parties.

In this case there is no sufficient reason for declaring that all the matters of this bill cannot conveniently and properly be litigated in one suit, so far as they are proper subjects of equitable cognizance. The vice chancellor was therefore right in disallowing the demurrer. And the decretal order appealed from must be affirmed with costs.