Hornsey v. Casey.

————•◦•◦•◦————

21   545
d162  187

HORNSEY & WIFE, Respondents, vs. CASEY, Appellant.

1. Under an election made by a widow, under the 3d and 6th sections of the dower act (R. C. 1845, p. 430) to take " one half of the real and personal estate belonging to the (her) husband at the time of his death, absolutely," *held* that she can take no interest in any property conveyed away by the husband in his lifetime. If she have not relinquished her dower in real estate conveyed away by her husbsnd during his lifetime, she must claim her dower under the 1st section of the dower act.
2. *Quere*, whether an election made by a widow to take under the 3d section of the dower act, will operate as a bar to dower under the 1st section of the same act.

### *Appeal from Washington Circuit Court.*

This case was decided on a demurrer to the petition. The petition set forth that the plaintiff, Clarissa Hornsey, now wife of R. Hornsey, was formerly the wife of one G. Nuckolls, since deceased; that she had been divorced from the said Nuckolls, she being declared by the court to be the innocent and injured party, and the said Nuckolls the guilty party; that the said Nuckolls died July, 1854, without any child or other descendant in being capable of inheriting, leaving the plaintiff, now Clarissa Hornsey, him surviving; that on the 6th of November, 1854, the said Clarissa and her husband, Robert Horn-

sey, also plaintiff in this suit, made their certain deed of election, &c., &c., by which she elected to take dower under the provisions of the 3d section of the act concerning dower, approved March 24, 1845; that "for several years before the death of the said G. Nuckolls, he became very intemperate, used ardent spirits to great excess, so that he became weak and imbecile, and while in this condition he conveyed to John H. Casey, the defendant, for the consideration of $900," a certain tract of land, which tract of land was worth at the time of the said conveyance, $2000; that "said deed was made to defeat the full dower rights of the said Clarissa—it was executed a few months before his (Nuckoll's) death, and was, in fact, a will in disguise, and an attempt to commit a fraud upon the rights of said Clarissa;" that the plaintiffs had made a demand in writing of said defendant, John H. Casey, to assign dower in the aforesaid tract, conveyed to the said Casey by the said Nuckolls, to the amount of one half thereof in fee simple, which was refused by the said Casey. The plaintiffs prayed the court "to declare the rights of the said Clarissa in the premises, that she be seized of her dower accordingly, with a recovery of such damages," &c.

To this petition the defendant demurred. The demurrer was overruled, judgment given for the plaintiffs; defendant appealed.

*Noell* and *Frissell*, for appellant. 1. Dower is claimed in lands which did not belong to the husband at the time of his death. The widow claims under the 3d section of the dower law, which gives her dower only in lands belonging to the husband at the time of his death. 2. Although courts will not recognize the validity of a deed or conveyance made with a design to operate as a will defeating dower, yet, where the effect of such a deed is not to defeat, but to change the character of dower, the rule does not hold good. The plaintiff has voluntarily renounced her claim to dower under the first section of the dower act, and must now abide by that renunciation, and take dower under the 3d section. The effect of this is to give

her the money, which arose from the sale of the land, in the place of the land. The change in character of the property did not alter the extent of her rights. She still gets half of the proceeds of the land; but for her own voluntary act, she would have taken a third of the land for life. (R. C. 1845, tit. Dower, § 1 and § 3.) The case of *Davis* v. *Davis*, 5 Mo. Rep., and the case of *Stone* v. *Stone*, 18 Mo. Rep., are not applicable to this case. They arose under circumstances which cut off the widow entirely. 3. No fraud is charged against Casey in the petition. Whatever might have been the intention of Nuckolls, Casey is not responsible, unless he knowingly participated in the fraud.

*T. C. Johnson,* for respondents. 1. The conveyance to Casey having been made with intent to impair the dower rights of the wife, and in fraud of those rights, is void so far as she is concerned, and the land, for the purposes of dower, should be regarded as still belonging to Nuckolls. (*Davis* v. *Davis*, 5 Mo. Rep. 189. *Stone* v. *Stone*, 18 Mo. Rep. 391.)

SCOTT, Judge, delivered the opinion of the court.

The right of election in the wife, exercised and carried out as has been practiced in this case, would be productive of great injustice to purchasers. The rights of a purchaser should not depend on any secret intent of his vendor which is not communicated to him, and of which he has no knowledge. No case has arisen, where the marriage continued until it was dissolved by death, in which the wife complained that her right of election had been affected by any disposition of his property made by her husband in his lifetime, and we see no reason why the divorced wife should be in a better situation than the wife who continued such until the dissolution of the marriage by death. The case of *Stone* v. *Stone*, (18 Mo. Rep.) was founded on a complaint that the disposition of his property by the husband had defeated the right to dower, not merely the right of an election. The same remark is applicable to the case of *Davis* v. *Davis*, (5 Mo. Rep.) In giving the right of election to take

one half of the property undisposed of, the law never intended to impose any restraint on the husband's right of disposition. A mere right of election on a contingency, gives no such interest as will authorize the party entitled to the election to complain that the contingency has been prevented on which the right of election arises. The law gives as dower the right to one third of the husband's estate, in all lands possessed during the coverture. On the contingency of the husband's dying without children, the widow may elect instead thereof to take one half of the estate absolutely, of which no disposition has been made. Now, it is unreasonable to expect that the husband's right of disposition should be restrained in order that there may be a foundation for the right of election. On what principle can the widow make an election of the half of the property which remains undisposed of, and then turn round and complain that property had been disposed of which should not have been? To yield to her complaint would be giving her an election, not to take the half of what is undisposed of, but the half of all that the husband was seized of during the coverture. The widow is not bound to make an election. The law has made provision for her without an election. If the actual existing state of things do not justify her in making an election, she should not resort to it. She cannot be allowed to make an election which confines her to the half of the property undisposed of, and then be permitted to turn round and say, "there is not as much undisposed of property as there should be; my husband should not have disposed of this or that tract of land."

In the present state of the case, we will not determine whether the wife is barred of her dower, consisting of a life estate in one third of the land in controversy, by reason of her deed of election. The judgment will be reversed, and the cause remanded; the other judges concurring.