HORNSEY & WIFE, Appellants, v. CASEY, Respondent.

1. An election, made by a widow under the 3d section of the dower act, (R.
C. 1845, p. 430,) to take one half of the real and personal estate belong-
ing to her husband at the time of his death absolutely, will operate as a
bar to dower under the first section of the same act.

*Appeal from Washington Circuit Court.*

The facts of this case sufficiently appear in the report of the
former decision of this writ, contained in 21 Mo. 545.

*T. C. Johnson,* for appellant, cited Stone v. Stone, 18 Mo.
391; Davies v. Davies, 5 Mo. 189; Lawrence v. Baubier, 2
Bailey's Rep. 651; Ex'rs of Hopkins v. Mazyck, 1 Hill Ch.
R. 251; Lawdner v. Chisholm, 2 McCord's Ch. R. 462;
Lansdown v. Lansdown, 2 Moseley R. 364; Hall v. Reid, 2
Barb. Ch. R. 505; Fitzgerald v. Peck, 4 Littel, 127; Chap-
lin v. Layton, 18 Wend. 424; Crazier v. Acer, 7 Paige Ch.
R. 143; Hall v. Hall, 2 McCord, 280; Pinckney v. Pinck-
ney, 2 Richardson's Eq. R. 237.

*Frissell,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This is the same case reported in 21 Mo. 545.  The only
remaining question is, whether the election made under a mis-
take as to her rights may be set aside on a proper application

for that purpose.  The petition was amended, after the case was reversed and sent back, by adding an averment that Casey, the purchaser, took with knowledge of all the facts charged in relation to the sale of the real estate, &c.  To this amended petition defendant demurred.  Judgment was rendered thereon for defendant.

This case is subject to the same law as before laid down in regard to it.  The only question now is, whether Mrs. Hornsey can be relieved against her election, and be allowed now to take dower under the first section of the dower law.  In our opinion, the plaintiffs, Hornsey and wife, have no such right; they are not entitled to be thus relieved.  They deliberately made their election by deed; they were not content to take dower under the first section; they wanted more and a larger estate; now when they find themselves disappointed, they wish to take only what they at first rejected.  They have shown themselves entitled to no such relief.

In the petition they have not pretended that they were deceived; they have stated no fact constituting a mistake; they were not misled by any false or deceptive statements; they knew the differences in regard to dower under the first section and under the third section, or they would not have made their election by deed.  The judgment must therefore be affirmed; Judge Leonard concurring.  (SCOTT, Judge, dissenting.)