BRAY, Respondent, v. THATCHER et al., Appellants.

1. Where a plaintiff seeks relief other than the recovery of money only or of specific real or personal property — as where the annulment of deeds is sought on the ground that they were obtained by duress and violence — the cause must be tried by the court and not by the jury.
2. A. and B. combining, by threats of violence against C., extorted from the latter the transfer to themselves of a certain tract of land owned by the latter—one portion thereof being conveyed to A., and the other to B.—A. conveyed his portion to D., who took with notice. C. instituted an action against A., B. and D. to obtain an annulment of said deeds. Held, that the petition was not multifarious.
3. Courts of equity will set aside deeds obtained by duress.

*Appeal from Mercer Circuit Court.*

This was an action by Hardin P. Bray against Daniel N. Thatcher, Lilburn P. Smith and Azariah L. Hupp. The plaintiff set forth that on the 5th of January, 1852, he owned in fee simple a specified tract of land; that on said day " one Daniel N. Thatcher and one Lilburn P. Smith, together with divers other persons, riotously assembled themselves together

for the purpose of compelling plaintiff to make to said Thatcher and Smith a deed to the above described tract of land, and by divers threats and menacings toward said plaintiff, of and by said parties when so assembled, of great personal injury to the person of said plaintiff and of his life; that by such threats and menacings, with force and violence toward plaintiff, the said plaintiff, through [fear] of his life or of some great bodily injury and personal indignity and violence to his person, did, although against his will and without his consent, sign and acknowledge deeds" -— one to Thatcher for one-half of the above mentioned tract, and the other to said Smith for the other half —".for the nominal sum of fifty-two dollars and fifty cents paid by each of said parties; which said sum so paid was fixed and set by said parties, so threatening and menacing plaintiff as aforesaid, of their own arbitrary will and without the consent of plaintiff; all of which plaintiff was compelled to agree to and accept against his will, through fear of his life and great bodily injury to his person;" that afterwards, on the 23d of February, 1853, the said Thatcher conveyed the tract of land conveyed to him to one Azariah L. Hupp; that said Hupp well knew that the deed from plaintiff had been procured by force and violence and through fear. The plaintiff prays the court to set aside the deeds of plaintiff to Thatcher and Smith, and that from Thatcher to Hupp, and for a decree of title in himself. The plaintiff brought into court the sum of one hundred and five dollars, so paid to him by Thatcher and Smith, and offered to refund the same.

The defendants demurred to this petition on the ground of multifariousness. The demurrer was overruled. The cause was submitted under instructions to a jury, who found for the plaintiff.

*Davis* and · *Tindall,* for appellants.

I. The defendants were improperly joined together in the action, and the court ought to have sustained the demurrer of defendants or afterwards have sustained the motion in ar-

rest of judgment. There is no joint or common interest either in the lands or the possession of the lands, which were the subject of the suit. (See Stancup v. Garner, 26 Mo. 72; Doan v. Holly & Walker, id. 186; 25 Mo. 359; 3 Barb. Ch. 434; 17 Mo. 228.) A new trial should have been granted on motion of defendants because of giving wrong instructions by the court. A deed which has been acknowledged and recorded will not be avoided upon a plea of duress. (3 Bac. Ab. 255, tit. Duress; 1 Story on Contr. 404.) A fear of injury to a man's person, not amounting to loss of life or or limb, or a mayhem, would be insufficient to invalidate his deed made under such fear. (See 3 Bacon's Abridg. Duress, p. 252; 1 Black. Comm. 131; Shepherd's Touchstone, 61.) The latter clause of the first instruction given for plaintiff misled the jury as to the law. The verdict, being general, is not sufficient; it should be special and responsive to the allegations in the petition. By what authority is a judgment entered against Hupp for the land alleged to be conveyed to Smith? (19 Mo. 554.) The court below mistook the law in refusing to compel the plaintiff to elect which of the causes of action he would proceed on first, and to amend his petition. (See Moony v. Kennett, 19 Mo. 554.)

*Ryland* and *E. B. Ewing*, (attorney general,) for respondents.

I. The grounds raised by demurrer can not now be raised here, because the defendants answered and the demurrer must be considered as withdrawn. The court below properly overruled the defendant's motion to elect on which of his causes of action he would proceed, this not being such a case in which such motion can prevail. The instructions for plaintiff were proper, and were in accordance with the law and the facts in proof. There is no multifariousness in the petition, and the issue being found for plaintiff, there was no cause to arrest the judgment. (Story, Eq. Plead. § 284, 286, 283, 534; 6 Johns. Ch. 140; 8 Clark & Fin. 428; 2 Ans. 473.) The proof shows such duress by threats as will war-

rant the court to declare the law to be as laid down in the instructions given, and to set aside the deeds as void.

Scott, Judge, delivered the opinion of the court.

This is not an action for the recovery of money only, or of specific real or personal property. The object of the petition is to set aside conveyances of land and procure re-conveyances on the grounds of violence and fraud practiced in obtaining them. Such being the aim of the suit, it was not properly tried by a jury. It is obvious that the responsibility of trying the action has been shifted from the court and imposed on a jury against the provisions of law. It is no answer to this to say that the court may have adopted the finding of the jury as its own, for courts frequently acquiesce in the verdict of juries, where, had they been the triers of the fact, their verdicts would have been different. It is clear that this cause has not been tried by the tribunal appointed by law. There is another difficulty in the way of this proceeding. Causes which by law are to be tried by a jury can only have a misapplication or mistake of the law of the case reviewed in this court by bills of exceptions containing the instructions complained of. In such cases, if there is no bill of exceptions containing the instructions, or if no instructions are asked, and the wrongful misapplication of the law to the facts is the only error of which complaint is made, there can be no reversal; the judgment will be approved. In cases, however, where by the law the trial must be by the court, a majority of this court holds that the case may be reviewed here although no declarations of law as *applicable* to the facts were made in the inferior tribunal. If a case properly triable by the court is improperly submitted to a jury, what is to be the rule? (R. C. 1855, p. 1261.)

We do not conceive that the petition is obnoxious to the charge of multifariousness. The circumstance that the parties concurred in a joint act which resulted in the injury of which the plaintiff complains distinguishes this from ordinary cases. If the two defendants had taken a joint deed as

the reward of their fraud and violence, there would have
been no question as to the propriety of the petition. The
fact that they shared the spoil between themselves can not
affect the remedy of the plaintiff. If the defendants Thatcher
and Smith had passed their titles to innocent purchasers, it
is conceived that all the parties to the wrong and violence
would *in solido* have been liable to make good the loss sus-
tained by the plaintiff; and being thus liable, there can be
no impropriety in joining them as defendants in one action.
If by separate acts of violence on separate occasions, by dif-
ferent persons, the plaintiff had been forced to yield up
his property, there would have been an impropriety in join-
ing these several causes in one action; but here, as all those
of whom complaint is made united in the act causing the
injury, they were all jointly liable, and the division of the
spoil among themselves can not affect the remedy of the
plaintiff.

Whatever may be the law as to the plea of duress when set
up as a defence to an action on a bond, it can have no appli-
cation to this suit, which is one in the nature of a bill in
equity to set aside deeds obtained by violence and fraud.
But we see no ground on which it can be maintained that the
facts in this case would not support a strict plea of duress as
framed in the old books of entries. The mob menaced the
life of the plaintiff and actually used violence towards him.
The defendants were present, adopted and gave countenance
to their lawless acts, which were done for their benefit. To
hold that conveyances obtained under such circumstances
could not be set aside would be a reproach to any system of
jurisprudence. The grounds on which courts of equity pro-
ceed furnish ample ground to administer to the plaintiff the
relief he seeks. Those courts relieve against fraud, violence
and imposition; and a grosser outrage than that presented by
the record in this case rarely comes under the cognizance of
courts of justice. It was a fraud in the defendants to take
advantage of the violence of the mob to extort deeds from

the plaintiff against his will and on their own terms. For the reason given in the former part of this opinion, the judgment will be reversed and the cause remanded.