JOHN HUNTER, Respondent, v. JAMES M. WHITEHEAD, Appellant.

1. *Partnership — Performance.—* Where the proposition to form a partnership for the purpose of buying and selling lands was accepted and acted upon, and the contract in all respects fully executed, it is too late to deny the existence of the contract or to complain of the manner in which it was entered into. After having received the full benefit of the transaction and availed himself of all the advantages arising from the services rendered by his cópartner, a party ought not to be heard in an attempt to defeat a recovery by charging that such copartner had acted in bad faith with the parties of whom the land had been purchased.

2. *Partnership — What issues triable by the Court.—* Where the purpose of a suit was simply to establish a partnership, and to ascertain the amount of funds held by defendant in trust for the firm of which he was a member, the issues properly belong to the chancellor. Such a suit is not an action for the recovery of money only, or of specific real and personal property, as contemplated by section 12, chapter 169, Gen. Stat. 1865, and must be tried by the court.

*Appeal from Buchanan Circuit Court.*

*Ensworth,* for appellant.

I. The contract alleged in the petition to have been made by the parties is denied by the answer. Therefore it must be by the plaintiff established by written evidence. (Wildbahn v. Roubidoux, 11 Mo. 660, 661, and cases cited therein; Claywater v. Tetherow, 27 Mo. 241; Hammond's Adm'r v. Cadwallader, 29 Mo. 166; 5 Johns. Ch. 1.) The petition of plaintiff charges that the money arising from the sale exceeding the costs was held

by defendant below in trust for himself and defendant, which is positively denied by defendant. If such a trust as that charged by the plaintiff could exist between the parties to this suit, it must be in writing, otherwise it is void; and it being denied by the defendant, the plaintiff must establish his right by legal testimony, and there is none legal in such cases except written. (See the above citations, also § 3 of statute of frauds and perjuries, Gen. Stat. 1865, p. 807.)

II. Transactions based on deceit and fraud are not encouraged by the aid of courts of chancery. (1 Mo. 12; 25 Mo. 166; 35 Mo. 409, and citations; 11 Serg. & R. 164; 19 Barb. 250; 26 *id.* 160, 163; 19 Wend. 293; 21 *id.* 171; Chitty on Cont. 680, and notes thereto; 2 Pet. 583; 4 *id.* 328.)

III. The court erred in refusing the plaintiff a trial by jury. This is a suit for the recovery of money had and received to the plaintiff's use, and is based upon contract, which is clearly a jury case. (Gen. Stat. 1865, p. 673, § 12; 5 Johns. 112, 14; 14 *id.* 304.)

*Woodson, Vories & Vories*, for appellant.

I. This case was not simply a proceeding to recover money or property, but was a proceeding to settle, adjust, and close up a partnership and reach a trust fund. If so, the court, and not a jury, was the proper and legally appointed tribunal to try it. (See sections of the practice act regulating trials, Gen. Stat. 1865, ch. 169, §§ 12, 13, p. 673.) The petition not only asked for a judgment for money, but asked that an account might be taken of all matters between said parties. (Conran v. Sellew, 28 Mo. 320; Morris v. Morris, 28 Mo. 117; Paul v. Chouteau *et al.*, 14 Mo. 580.) The closing up of copartnerships, the adjustment of the accounts of the partners, as well as the ascertainment and enforcement of trusts, have always been subjects of equitable jurisdiction. If the respondent in this cause could, under the old system of practice, have filed his bill in chancery, and sustained it there upon the grounds embraced in this petition, the court committed no error in refusing appellant's motion and demand of a jury to try the cause.

34—VOL. XLII.

FAGG, Judge, delivered the opinion of the court.

This suit, tried and determined in the Buchanan Circuit Court, was brought upon an alleged contract between the parties, by which a partnership was formed 'for the purpose of buying and selling again a certain tract of land described in respondent's petition. The finding and judgment of that court being in favor of the respondent, the cause was taken to the Fifth District Court, where there was an affirmance of the judgment, and it now comes here by appeal. The allegations of the petition charge the existence of the partnership, the purchase and resale of the land, with a statement of the amount of profit realized in the transaction by the appellant, and an account is asked to be taken between the parties and judgment rendered for the share of respondent, being the one-half of the said profit. To strip the answer of all matters not directly pertinent to the issues thus tendered by the petition, the real questions for determination related only to the existence of a partnership and the amount for which the appellant should account. The voluminous record in this case has been examined with much care, for the purpose of ascertaining whether any just cause exists for disturbing the finding of the Circuit Court upon these points. The allegations of the petition appear to have been abundantly proved by all the evidence in the cause; and the averment in the answer that the respondent acted merely as the agent of appellant, and was to receive a part of the profits arising from the sale of the land as compensation for his services, seems to have been a mere afterthought, and is wholly unsupported by any witness. Whatever may be said in reference to the manner of consummating the agreement between these parties, it is clear that the proposition to form a partnership for the purpose stated was accepted and acted upon, and the contract in all respects fully executed. It is too late, therefore, for the appellant to deny the existence of the contract or to complain of the manner in which it was entered into. After having received the full benefit of this transaction, and availed himself of all the advantages arising from the services rendered by the respondent, the appellant ought not to be heard in an attempt to defeat the recovery of the

respondent by charging that he had acted in bad faith with the parties of whom the land was purchased. No such question of fraudulent dealing can properly arise in this case.

The only remaining question to be examined is the refusal of the Circuit Court to permit the cause to be tried by a jury.

By section 12, chapter 169, of General Statutes 1865, it is provided that " an issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter provided." Then follows, in section 13, the provision that " every other issue must be tried by the court," coupled with the discretion to take the opinion of a jury upon any specific question of fact involved in the case. It cannot be said in this case that it was an action for the recovery of money only, or for any other specific objects contemplated by the twelfth section. The purpose here was simply to establish a partnership and to ascertain the amount of funds held by the appellant in trust for the firm of which he was a member. (Bray v. Fletcher, 28 Mo. 129.) These questions belong properly to the chancellor, and nothing appears in the record that would seem to require that the opinion of a jury should have been taken.

The conclusion, therefore, is that the judgment of the District Court should be affirmed, which is done with the concurrence of Judge Wagner.