THERESA CRECELIUS, Respondent, v. CATHERINE C. HORST ET AL., Appellants.

<div style="float:right">4  419<br>f158s189</div>

### November 6, 1877.

1. Where a husband, with his own money, purchased land, but, for the purpose of defrauding his wife of her right of dower therein, caused the conveyance to be made of a life estate, only, to him, with remainder in fee to his daughter; and, after his death, his widow elected, under the statute, to take a child's part in the land left by her deceased husband; *held*, that the widow was not entitled to a child's part in the land so purchased and conveyed, but her election to take a child's part would be regarded as a ratification of the conveyance made at the husband's instance by his vendor.

2. The widow's election to take a child's part did not abridge her right of dower in "the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during the marriage," but of which, by reason of prior conveyances, he did not die seized.

3. The vendor's conveyance of the remainder to the daughter, at the husband's instance, with whose money the purchase was made, will be treated, in equity, as the husband's conveyance; and, in respect of the widow's dower right, it will be regarded that the husband was, during coverture, seized of an estate of inheritance in the land which he had conveyed away. ·

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

GOTTSCHALK, for appellants, cited: *Trorlicht* v. *Weizenecker*, 1 Mo. App. 482; *Lightfoot* v. *Colgin*, 5 Munf. 42; *Durvet* v. *Tyrer*, 58 Mo. 551; *Hornsey* v. *Casey*, 21 Mo. 371; 14 Mo. 495; 16 Mo. 250.

J. A. BEAL, for respondent, cited: *Davis* v. *Davis*, 8 Mo. 183; *Stone* v. *Stone*, 18 Mo. 389; *Tucker* v. *Tucker*, 29 Mo. 353, and 32 Mo. 464; *Smith* v. *Fellows*, 29 Ark. 62.

LEWIS, P. J., delivered the opinion of the court.

The petition states, in effect, that plaintiff is the widow, and defendant, Catherine Horst, a daughter, of William Crecelius, deceased ; that, during the coverture, William Crecelius purchased, with his own money, a lot of land, described in the petition ; but, for the purpose of defrauding plaintiff out of any right of dower therein, caused the conveyance to be made of a life estate, only, to himself, with remainder in fee to his said daughter, Catherine ; that, since the death of Crecelius, Catherine and her husband have had possession of the land, and have erected thereon a dwelling, in which they reside. Plaintiff prays that the conveyance be cancelled and set aside as to the remainder vested in defendant Catherine, and that dower be assigned to the plaintiff in the premises. She alleges that, in the time and manner required by law, she elected to take a child's part of the lands left by her deceased husband, under the provisions of Wagner's Statutes, page 540, sections 11, 12. Issue was joined in a general denial, and, upon a hearing of the evidence, the court decreed for the plaintiff a child's part (one-third) absolutely, in the land described.

In *Davis* v. *Davis*, 5 Mo. 183, the complainant's husband had, a short time before his death, conveyed five slaves, by deed, to his son. The bill alleged that this was done for the purpose of fraudulently defeating the widow's right of dower in the slaves. It was held that, these allegations being sustained, the conveyance would be declared void as to the widow, and dower would be assigned to her. In *Stone* v. *Stone*, 18 Mo. 389, and *Tucker* v. *Tucker*, 29 Mo. 350, the same doctrine was applied to similar states of facts. The general rule is an ancient one, and universally understood. Defendant's counsel refers, however, to *Hornsey* v. *Casey*, 21 Mo. 545, and argues that, by reason of the widow's election to take a child's part, in the present case, she cannot claim the benefit of the ancient rule. In the case referred to, the widow had elected, under the 3d and

6th sections of the Dower Act then in force (Rev. Stat. 1845, p. 430), to take one-half of the real and personal estate belonging to her husband at the time of his death, absolutely. The husband had, some time before his death, conveyed away a tract of land, the wife not joining in the conveyance. It was held that she could not have dower, as demanded, for the obvious reason that her election limited her right of one-half to the property owned by her husband at his death, and so excluded it from that which he had previously ceased to own. It was considered that the disposition of the property had operated to defeat, not the right of dower, but the right of an election. Said Scott, J.: "It is unreasonable to expect that the husband's right of disposition should be restrained in order that there may be a foundation for the right of election. On what principle can the widow make an election of the half of the property which remains undisposed of, and then turn round and complain that property had been disposed of which should not have been?" The court, however, expressly refrained from determining whether, by her election, she was barred of her dower, consisting of a life estate in one-third of the land. The principle settled in that case appears to be that, when a widow elects to take a distinctive share in the property of her husband remaining undisposed of at the time of his death, she so far ratifies all his previous conveyances as to be prohibited from impeaching them for the purpose of treating the property as yet undisposed of. The same principle is unquestionably applicable to the case before us. It is essential to the plaintiff's claim of dower rights, in any aspect, that the conveyance of a remainder to the daughter by the husband's vendor shall be regarded as a conveyance by the husband himself. For if we treat the title as coming from the vendor to the daughter, without reference to an existing use in the husband, there can be no pretence of dower right in the widow, upon any ground. It seems, however, to be understood on both sides that, the husband

having furnished the purchase-money, if he directed the mode of conveyance with special intent to defraud the wife of her dower, a use was raised in him to which the dower would attach, if otherwise within the terms allowed by the statute. It follows that the vendor's conveyance of the remainder to the daughter will be treated, in equity, as a conveyance from the husband. As such, it comes within the rule of *Hornsey* v. *Casey*. The widow cannot subject the land to her election of a share in the property remaining undisposed of. Nothing can be assumed from the fact that the husband still held possession by virtue of his life estate ; since, by the language of the statute, the widow's election was limited to " lands whereof her husband died seized of an estate of inheritance." Wag. Stat. 540, sec. 11.

The statutory provisions under which the widow's election was made in *Hornsey* v. *Casey* were as follows :

" Sec. 3. When the husband shall die without any child, or other descendants in being, capable of inheriting, his widow shall be entitled " · * * * " to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely."

" Sec. 6. When the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election, to take her dower as provided in the first section, discharged of debts, or the provisions of the third section, subject to debts." Rev. Stat. 1845, p. 430.

The 1st section here referred to was literally the same as the one now in force. It reads thus : " Every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during the marriage, to which she shall not have relinquished her right of dower in the manner prescribed by law, to hold and enjoy during her natural life." * * *

It thus appears that, by the terms of the 6th section, the widow must elect between the provisions of the 1st section

and those of the 3d. It would seem to follow, notwithstanding the Supreme Court's hesitation in that connection, that if the widow elect to take under the 3d section, she thereby forfeits all claim to dower under the 1st. In this relation, the statute under which election was made in the present case is strikingly different. It provides: "When the husband shall die, leaving a child or children, or other descendants, the widow, if she has a child or children by such husband, living, may, in lieu of dower of the one-third part of all lands whereof her husband died or shall die seized of an estate of inheritance, to hold and enjoy during her natural life, elect to be endowed absolutely in a share in such lands equal to the share of a child of such deceased husband. The provisions of this section shall be subject to the payment of her husband's debts." Wag. Stat. 540, sec. 11.

Here is no reference to the 1st section, or any privileges conferred by it, except in so far as these apply to lands whereof the husband shall "die seized of an estate of inheritance." The widow's election operates no abridgment of her right in "the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance at any time during the marriage," etc., but of which, by reason of a prior conveyance, he did not die seized. The land here in controversy falls within this category. It results that the plaintiff may, notwithstanding her election, be endowed under the provisions of the 1st section, upon the findings of the Circuit Court on the issues in the pleadings.

Defendants urge that an essential element in the widow's right of recovery, in each of the Missouri cases above referred to, lay in the fact that the husband's conveyance was executed in the near prospect of death, and hence was called a "will in disguise." That phrase was borrowed from the adjudications in cases arising under the "custom of London," and under the laws of Connecticut and other States, wherein the widow's right attached to such prop-

erty only as belonged to the husband at the time of his death. An absolute conveyance *in præsenti* was effectually beyond her reach. Hence the necessity for investing with testamentary attributes the disposition which she sought to annul. Where, as in Missouri, the widow will be equally protected against a present deed and against a testamentary disposition, there is no need to make the obnoxious instrument a "will in disguise." In both classes of cases, however, the fact of approaching dissolution may serve another purpose. It may form a link in the chain of testimony which is to establish the intent of the grantor. In connection with other facts, it may strongly aid the inference that, being about to leave his earthly possessions, his chief desire touching the successorship is that his wife may not enjoy its benefits. Where, as in the present case, facts of a different character were found sufficient to prove the grantor's intent to deprive his widow of her dower, the prospect of death was not essential.

All the judges concurring, the judgment is reversed and the cause remanded.