THERESA CRECELIUS, Respondent, *v.* CATHERINE HORST ET
AL., Appellants.

December 13, 1881.

A husband cannot deprive his wife of her dower by taking a conveyance of
land, purchased with his own money during coverture, to himself for life,
with remainder to his child.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Affirmed.*

FRED. GOTTSCHALK, for the appellants.

J. A. BEAL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a suit in equity by a widow to have dower set
apart to her out of land alleged to have been purchased
by her husband during the existence of their marriage
relation, but with such a vestiture of the legal title as to
defraud her of her right of dower therein.

The case was before this court in 4 Mo. App. 419, and
it was there held, that the plaintiff's election to take a
child's part of the lands whereof her husband stood seised
in fee at the time of his death, did not deprive her of her
right to maintain this action. We are now asked to review
that decision. This we decline to do.

The facts on which the plaintiff claims to recover are
these: She married William Crecelius in 1860. At that
time he was a widower with three children living, two sons and
the defendant Catherine Christine. The sons successively
died during his lifetime. He had by the plaintiff one daugh-
ter. He and the plaintiff lived together about a year and a
half, and then separated and lived separately until his death.
In 1872, while he and the plaintiff were thus living separate,
he purchased a lot of ground in St. Louis, and took title
as follows: A life estate to himself and remainder to his
daughter Catherine Christine, her heirs and assigns forever. .

He built a house upon this lot and lived in it till the time of his death, and died in it in the year 1874. His daughter Catherine Christine intermarried with the defendant Henry Horst. In 1871, a few months before he thus bought this lot, he made a will, in which he bequeathed to his daughter Ida (daughter by the present plaintiff), the sum of one dollar. It also provided with respect to the present plaintiff, as follows : " My wife, Theresa Crecelius, formerly Dowald, shall only be entitled to such share in my estate as the laws of Missouri allow her, and no more." The rest of his estate he gave to his son John William (then living), and to his daughter Catherine Christine, share and share alike.

These facts undoubtedly show an intention on the part of Crecelius to defraud his wife of her dower. A husband cannot make such a devise of his land as will defeat his wife's right of dower therein. Nor can he make a deed of his land which will have this effect, unless she joins formally therein as required by the statute. Rev. Stats., sect. 2197. Nor will her right of dower be prejudiced by any judgment or decree confessed by him, or by any laches, default, covin, or crime committed by him. *Ibid.* What he cannot do directly, he cannot do indirectly. Obviously he cannot be permitted to accomplish this result by taking a conveyance of land purchased with his own money during the coverture, to himself for life, with remainder to one of his children. It has always been held, so far as we know, whether as respects dower in lands, the widow's or children's *pars rationalis bonorum* under the custom of London, a right conferred by deed to a portion of the estate of which the covenantor died seised, or the widow's dower in personalty under our statutes, that any gift, conveyance, or vestiture of the legal title to real or personal property, made by a husband, father, or covenantor in a deed, with the design of enjoying the use of the property during his life and passing it upon his death to a voluntary donee, discharged of such right of the wife, child, or

covenantee, will be treated in equity as a conveyance·in fraud of her·right of dower, and dower will be admeasured to her out of such property accordingly.   *Davis* v. *Davis,* 5 Mo. 183, 189 ; *Stone* v. *Stone,* 18 Mo. 389 ; *Tucker* v. *Tucker,* 29 Mo. 350 ; s. c. 32 Mo. 464 ; *Bowers* v. *Fairbeard,* 2 Vern. 202 ; *Turner* v. *Jennings,* 2 Vern. 612 ; s. c. 2 Vern. 685 ; *Fortescue* v. *Hennah,* 19 Ves. 61 ; *Hall* v. *Hall,* 19 Ves. 277 ; *Hamburg* v. *Bateman,* 2 Atk. 63 ; *Jiggetts* v. *Jiggetts,* 40 Miss. 718, 724 ; Ruffin, C. J., in *Littleton* v. *Littleton,* 1 Dev. & B. 327, 331, 332.

The case before us falls clearly within this rule.   The judgment is affirmed.   Judge BAKEWELL concurs ; Judge LEWIS is absent.