# Case No. 4,629.

## FALLON et al. v. RAILROAD CO.

[1 Dill. 121.][2]

Circuit Court, D. Missouri. 1870.

[1] [Reprinted from 2 N. B. R. 277 (Quarto, 92), by permission.]
[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

· Noble & Hunter and Jas. A. Clark, for the demurrer.

Glover & Shepley, opposed.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge. The main purpose of the bill is to compel the defendant specifically to execute the contract of the 13th day of August, 1869. Whether equity will decree a specific performance or leave the parties to their remedy at law, rests in the discretion of the court to be exercised in view of the special circumstances of the particular case. And the settled rule is that equity will leave or remit the parties to law where the remedy in the legal forum is plain, adequate, and complete. But if the remedy there is doubtful or inadequate, or will not so completely effectuate justice, and specific execution be practicable, equity will entertain' jurisdiction and decree it.

Upon the case made by the present bill the court is of opinion that it cannot decree the specific execution which the complainant seeks. Bills of the same general character with the one before us, and, in principle, not distinguishable from it, have repeatedly and upon full consideration, been held in England

not to be maintainable. South Wales Ry. Co. v. Wythes, 1 Kay & J. 186; Ranger v. Great Western Ry. Co., 1 Eng. Ry. Cas. 1, 51; Peto v. Brighton, etc., Ry. Co., 1 Hem. & M. 468; 1 Story, Eq. (10th Ed.) 778a, and note.

The grounds upon which this doctrine rests are so fully set forth in the opinions in these cases that it is unnecessary to re-state them, or enlarge upon them. No cases in this country holding a contrary view, or denying the soundness of the English decisions have been called to our attention. The question upon authority, therefore, is decisively against the complainants.

But if the question be not regarded as controlled by authority the circumstances of the present case are not such, in our judgment, as to call upon the court to decree a specific execution. The proposed road is one of considerable length, and requiring a large sum of money to construct. A large portion of the road bed and bridges is unfinished. For part of the distance the right of way has not yet been secured, nor the route finally located. We cannot know that the resources and credit of the company are such that it would be practicable for it to carry into execution any order we might make to comply with its part of the agreement. Comparatively but a small proportion of the contract has been actually performed by the complainants. The difficulties which the court might reasonably expect to meet in attempting to enforce from both parties a specific execution in all its parts of a work of this nature are many and great. Compensation in damages would, under these circumstances, appear to be a much more plain and practicable and just as adequate and complete a remedy as a specific execution, and less oppressive or injurious in its effects to the defendant. Demurrer sustained.

(Since the foregoing opinion was delivered, the case of Ross v. Union Pac. R. Co. [Case No. 12,080] has been published, in which Mr. Justice Miller, after full consideration of the subject, upon the authorities and upon principle, held that such a contract when principally executory, would not be specifically enforced. In the case of Fallon v. Railroad Co., after the demurrer was sustained to the bill, the question was made and argued by the same counsel, whether the bill ought to be retained for compensation? And upon this subject the opinion of the court was against the complainant, and was delivered by Mr. District Judge TREAT.)

TREAT, District Judge. This case is now before the court on a single proposition, viz. whether the bill should be retained for compensation.

In the opinion delivered heretofore, upon the main object of the bill, viz: to secure a decree for specific performance, it was held that no such decree could be had; but it was suggested that possibly the court could properly retain the cause for the purpose of securing compensation to the plaintiffs for the breach of contract, especially under the averment that certain securities by the terms of the original contract were to be for the benefit of the plaintiffs.

The argument and authorities on this subject are reducible to this proposition: that a court of equity should not "except under particular circumstances" (no where defined), in a case like the present, retain the bill for the purpose of awarding and securing compensation for the breach of the contract. That rule means, that although generally the bill will not be retained for compensation, when the court is compelled on equitable principles to refuse a decree for specific performance, still there may be special circumstances developed which require, in order to prevent gross wrong and injustice to the plaintiff, that compensation should be given, and under those circumstances, it may proceed to do so when no special oppression or injury would thereby be done to the defendant. The judicial discretion involved is, however, to be exercised with due regard to the rights of both parties.

The case presented is, for the purposes of this question, simply this: Instead of proceeding, as they had a right to do, under their contract, to negotiate for the purchase of iron, &c., or to purchase, with the means to be furnished therefor by the defendant, the property purchased to be in the name of, and for, the company, as its own, the plaintiffs chose to buy in their own names and with their own funds, some property of the kind described, and negotiate on their own responsibility for more. It is averred in the bill that some of the property so purchased has been delivered to the defendant, and that outstanding liabilities have been incurred as just stated. What loss or damage they have suffered thereby, if any, does not definitely appear. But those dealings were dehors the contract.

It is stated that the defendant is about to make a new contract on the same subject matter, with other persons, and to execute bonds and mortgages in connection therewith, whereby plaintiffs will be practically remediless at law. It is not necessary to inquire whether the attachment act of the state, or the bankrupt law, would, under the supposed contingency, afford adequate means of redress; for the important facts apparent on the face of the bill must determine the action of this court. What are the damages and how ascertainable with a view to compensation? The road has scarcely been commenced. Here, then, is a railroad yet to be built, and at nearly the inception of the enterprise, a court of equity is asked to retain a bill filed for specific performance of a contract for doing most of the work therefor, which relief cannot be granted in consequence of the intrinsic difficulties of the

case as connected with equitable jurisdiction and administration—to retain that bill for the purpose of ascertaining the amount of damages to be awarded for the alleged breach of the contract. The damages actually sustained thus far, if any, did not occur under the specific terms of the contract. The damages ultimately recoverable depend on many matters which have not yet occurred, and which may never occur, and which if they do occur, may be in such ways as yet unknown, and under such unknown conditions as leave no definite mode of causing such unliquidated and speculative damages to be reduced, before the road is completed, to any ascertainable sum for which a charge can now be made as a lien on the unbuilt road. It may be that, the road, if built by the plaintiffs from the proceeds of bonds and stock as contemplated, the price they would bear in the market being unknown, would cost more than the sum agreed in the contract, and hence instead of a loss of profits to the plaintiffs from the breach, the reverse would follow. If others build the road in the same way, in the most economical manner, even if all the bonds and stock do not have to be sold for the purpose, the value of the remaining stock and bonds contemplated to be paid to the plaintiffs at that time cannot be now ascertained, and consequently there is no practicable way whereby this court can determine for what sum to charge a lien on this road, as security for compensation in the way of possible and unascertainable profits. If the road is not built and equipped, it is of no value, and a charge upon it would be worthless as security to plaintiffs for any sum; and if it be charged in advance under a decree of this court, with an uncertain sum to be hereafter ascertained, the road probably can never be constructed. Hence the intrinsic difficulties presented on equitable rules. If the road were completed or nearly finished, the case might be different, for the court would then have something definite on which to act, without destroying the contemplated enterprise. But a road to be built on credit, when scarcely begun, stands in a strange position as to the question here to be considered.

The security sought for prospective damages, or rather for loss of profits, would necessarily destroy the value of the security; would, if given, make the security worthless, and prevent the defendant from obtaining, by completing the work, the only means of compensating the plaintiffs.

It is in view of these, and like considerations, which must necessarily suggest themselves to the minds of the counsel, that the court is constrained to decide that the bill cannot be retained for compensation. Bill dismissed.