## Horace McMullen *et ux.*

### *v.*

## William W. Vanzant.

1. Chancery jurisdiction—*specific performance.* Where the maker of a promissory note obtains from the holder its possession, under promise to return the same or execute a new one of the same tenor and effect, for the same amount, and destroys the same, and refuses to give a new one, a court of equity will have jurisdiction to compel him to specifically execute his agreement, notwithstanding there may be a remedy at law.

2. Parties in chancery—*joinder of husband in suit for wife's benefit.* Where a husband holding a promissory note executed by another gives the

same to his wife, on separation, for her separate use and maintenance, and it is obtained from her by the maker upon his agreement to give her a like note for the same amount, and the husband and wife afterwards come together, on bill by the wife to compel a specific execution of the contract by the maker of the note, the husband is a proper party complainant with the wife in order to bar himself from ever after asserting any claim to the new note.

Appeal from the Circuit Court of Mercer county; the Hon. George W. Pleasants, Judge, presiding.

Messrs. Pepper & Wilson, for the appellant.

Mr. Isaac N. Bassett, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill on the equity side of the circuit court of Mercer county, exhibited by Horace McMullen and Elizabeth McMullen, against William W. Vanzant, to compel the surrender of a note Elizabeth McMullen held against him, or, if he had destroyed the same, then that he should make to her a new note of the same tenor, on these allegations: That McMullen and wife had sold a tract of land, on long time, to the defendant, who was their son-in law, having married their only child, and for which defendant had executed his note payable to Horace McMullen. Complainants not living agreeably, they agreed to separate, and, in order to provide for the maintenance of Elizabeth, the wife, the husband, Horace McMullen, procured the defendant to take up the note he had given, and execute two notes in lieu thereof. This was done, and one of these notes (being for sixteen hundred dollars) McMullen assigned to his wife, Elizabeth, for her own separate use and maintenance. This note was payable in nine years from date, with interest at ten per cent, payable annually. On delivering this note to the wife, the parties separated, and lived apart for a year or more. At the trial, they were living together.

The defendant, it would appear, induced Mrs. McMullen to believe that her husband would, by some means, deprive her of this note, and informed her that he had consulted an attorney, who had given it as his opinion that her husband could

deprive her of the note, and advised her to assign it to him, saying, as is alleged, that he would keep it and, at the proper time, return it to her, or give her a new note for the same amount, bearing the same rate of interest, and payable at the same time the old note was to be paid.

Relying on this promise, she gave the note to defendant, who, having in this manner possessed himself of it, afterwards refused to return it to Mrs. McMullen, or give her a new note, but claimed that he had purchased the note of her, and paid for it, and that the same was his own property.

The prayer of the bill was, that defendant be decreed to pay the amount of the note in the manner and at the time specified therein, and pay her ten per cent annually on the amount of the same, and all the interest that had accrued thereon, and that the decree be made a lien on defendant's real estate.

The defendant answered the bill, admitting the execution of the note, and its date as of September 8, 1871, and avers that it was delivered to him for the benefit of his wife, the daughter of complainants; that Mrs. McMullen sold it to defendant for one hundred dollars, for the benefit of his wife and children; that he bought the note at her request, for one hundred dollars, on the 18th of March, 1872, of which sum he paid her forty dollars, and agreed to pay the further sum of sixty dollars when demanded, and had written on the back of the note as follows:

" March 18th, 1872, received payment in full.

Elizabeth $+$ McMullen,"

Who thereupon delivered the note to defendant.

Much testimony was heard by the court, and a decree passed dismissing the bill at complainants' costs. This is assigned as error.

Upon the evidence, we are satisfied the merits are with the complainants. There was no sale of this note to the defendant. But to sustain the decree, appellee's counsel make the point that the remedy of complainants was complete at law.

The bill in question is in the nature of a bill for specific

performance of a contract, where, although there may be a remedy at law, it may not be an adequate remedy. In very many of the bills filed for a specific performance, actions at law could be maintained for damages, yet a party has never been heard to object that equity has not jurisdiction.

Another point made by appellee in support of the decree, is, if there was any right in any one to sue, it is not in the husband; that the suit should be in the name of the wife alone, to whom the note belonged.

There are circumstances in this case requiring the joint action of these complainants to enforce this contract. This note was payable to the husband. It came to the wife through and by him on their separation. Coming together again, and living as husband and wife, he has an interest in caring for it, as a fund intended for the use of his wife, and can properly join with his wife in an action against a party who has appropriated the fund to his own use, and to aid her in the demand that she shall be placed *in statu quo*, and, by so doing, make himself a party to a proceeding which shall forever bar him from asserting any claim, in the future, to this note or its avails. We think, in this view, there was great propriety in joining the husband in the action, and thus cut off any claim he might suppose he had to the note.

The note in question having been destroyed by appellee, it is right, just and proper it should be restored to the party from whom he obtained it, and the circuit court should have so decreed.

The decree of the circuit court dismissing the bill is reversed, and the cause remanded with directions to enter a decree requiring appellee to perform his contract with Elizabeth McMullen, by executing to her a note of the same tenor and effect as the one he received from her and by him destroyed, and in a reasonable time to be fixed by the court, and on failure so to do, that said defendant, Vanzant, be in contempt, and be dealt with accordingly.

*Decree reversed.*