WALWORTH PATTISON

*v.*

WILLIAM H. SKILLMAN, JUN.

In 1876, defendant obtained possession of certain letters, documents &c., alleged to be valuable in establishing complainant's heirship to a foreign estate, for the purpose of investigating the claim, and to prosecute it for a share, if successful. He further agreed to return the papers on demand, but refuses to do so, and has taken no steps to obtain the estate.—*Held*, that the court had power to order the papers to be delivered to complainant.

Bill for relief. On general demurrer. On briefs of counsel.

*Mr. J. Schomp*, for demurrant.

*Messrs. Bartine & Griggs*, for complainant.

NOTE.—On the ground of trust, equity has decreed the delivery of chattels in the following instances : iron to be delivered to the bearer of a written instrument, on which the vendee obtained a loan, the instrument stating that the vendor had been paid for the iron, *Pooley* v. *Budd, 14 Beav. 34*. See *Parker* v. *Garrison, 61 Ill. 250 ; Clark* v. *Flint, 22 Pick. 231*. A partnership book, which, on dissolution of the firm, it was agreed should be delivered to complainant, *Lingen* v. *Simpson, 1 Sim. & Stu. 600 ;* securities where defendant admits having made the investment for complainant's benefit, *Stanton* v. *Percival, 5 H. L. C. 257 ;* a patent, in which the parties were to have a mutual interest in consideration of contributing towards obtaining it, and also of a compromise of pending litigation which was afterwards continued by defendant, *Marsh* v. *Milligan, 3 Jur. (N. S.) 979*. See *Somerby* v. *Buntin, 118 Mass. 279*. A contract for the purchase of lands, where complainant repudiated the contract because defendant could not make good title, *Wythes* v. *Lee, 3 Drew. 396 ;* court rolls to those entitled thereto, *Brown* v. *Brown, 1 Dick. 62*. See

Pattison v. Skillman.

THE CHANCELLOR.

The bill is filed to recover possession of certain papers (letters, power of attorney, receipt and written testimony of witnesses) belonging to the complainant, and which he alleges are of great value to him in establishing his heirship to a considerable landed estate in Ireland. It states that in or about February, 1876, the complainant's mother delivered the papers in question to his sister and the defendant for examination; that they examined them, and the latter took them in order to give the matter a thorough examination, and it was then agreed by those persons that if the defendant could establish the complainant's title and obtain the estate, he should have part of

---

*Reg.* v. *Hopkins, 1 Q. B. 161; Rawes* v. *Rawes, 7 Sim. 624.* A client's papers, where the clerk of the court had loaned the client's solicitor money thereon, *Grey* v. *Cockeril, 2 Atk. 114;* mortgages put into B's hands to collect, and which B pawned to defendant for a personal loan, *Jackson* v. *Butler, 2 Atk. 306;* a deed in the hands of one who had executed it for the benefit of a woman with whom he had been living in adultery, and also for her children, and delivered it to an attorney and afterwards repossessed himself thereof, *Knye* v. *Moore, 1 Sim. & Stu. 61.* See *Tyson* v. *Harrington, 6 Ired. Eq. 329; Travis* v. *Tyler, 7 Gray 146; Doyle* v. *Murphy, 22 Ill. 502; Duke* v. *Spangler, 35 Ohio St. 119; Hamilton* v. *Hamilton, 9 Cl. & Fin. 327.* Books of account in which an executor had mingled his fiduciary transactions with those of his partners, *Freeman* v. *Fairlie, 3 Mer. 28;* maps and plans which a discharged surveyor retained, *Breresford* v. *Driver, 14 Beav. 387, 16 Beav. 134;* deeds of a remainderman on which the solicitor of the life-tenant claimed a lien for costs, after such life-tenant's death, *Turner* v. *Letts, 20 Beav. 185;* the certificate of registry of a ship, on which the master and ship brokers claimed a lien for advances &c., *Gibson* v. *Ingo, 6 Hare 112;* the original letters, journals &c., of a wife, which the husband had, by their deed of separation, covenanted to deliver, and also copies thereof made by him afterwards, *Hamilton* v. *Hector, L. R. (13 Eq.) 511;* furniture, which, after a levy thereon ιy the sheriff, and payment of the judgment by defendant's friends, was left in his possession until his death, *Edwards* v. *Clay, 28 Beav 145;* bank notes found and delivered for safe keeping to a gratuitous bailee, who refused to return them, *Bridges* v. *Hawkesworth, 15 Jur. 1079; Tancil* v. *Seaton, 28 Gratt. 601.* See *McAvoy* v. *Medina, 11 Allen 548; McLaughlin* v. *Waite, 9 Cow. 670, 5 Wend. 404; New York R. R.* v. *Haws, 56 N. Y. 175; Tatum* v. *Sharpless, 6 Phila. 18; Cartwright* v. *Green, 8 Ves. 405; Durfee* v. *Jones, 11 R. I. 586;* stock of a corporation which plaintiffs, by agreement, subscribed for in defendant's name, and f r which plaintiffs were to pay in case of defendant's inabil-

the latter for his services; that he agreed to return the papers on demand, but has not done so, and not only refuses to return them, but refuses even to produce them or allow the complain-ant to make copies of them, sometimes denying the complain-ant's right to them and claiming them as his own property, and at others pretending ignorance as to where they are, and the com-plainant avers that the defendant has done nothing towards ob-taining the estate.   On demurrer, all the relevant facts of the bill which are well pleaded are admitted, and I am not called upon now to pass upon the validity of the complainant's claim of heirship stated in the bill.   No attempt is made in the briefs to sustain or impugn it.   The bill states that the complainant is-

---

ity, and did pay, *Cowles* v. *Whitman*, 10 Conn. 121; *Austin R. R. Co.* v. *Gil-laspie*, 1 Jones Eq. 261; *Paine* v. *Hutchinson*, L. R. (3 Ch.) 388; *Gardner* v. *Pullen*, 2 Vern. 394; *Cravens* v. *Cravens*, *Morris* 285; *Kellogg* v. *Stockwell*, 75 Ill. 68; *Odessa Co.* v. *Mendel*, L. R. (8 Ch. Div.) 235; *Brick* v. *Brick*, 2 McArth. 256; stock was given to a tenant for life with remainder to the donor's living children, and invested in the name of "the heirs of W. D." After the death of the life-tenant, the bank was compelled to transfer the stock to plaintiff, the donor's only living child, *Hill* v. *Rockingham Bank*, 44 N. H. 567; a transfer of an undivided half interest in a steamboat, *Peer* v. *Kean*, 14 Mich. 354. See *Hart* v. *Herwig*, L. R. (8 Ch.) 860; *Graham* v. *Cook*, 48 Ala. 103; stocks bought with notice of a trust, and still remaining in the vendee's hands, *Abbott* v. *Reeves*, 49 Pa. St. 494; or a bill of exchange, *Prather* v. *Weissiger*, 10 Bush 129; *Webb* v. *Graniteville Co.*, 11 S. C. (N. S.) 396; furniture in mortgagor's hands, *City Council* v. *Page, Spear's Ch.* 159; a written transfer of an interest in the posses-sion of land, *Johnson* v. *Rickett*, 5 Cal. 218; the assignment of a patent, *Corbin* v. *Tracy*, 34 Conn. 325; *Binney* v. *Annan*, 107 Mass. 94. See *Burr* v. *Gregory*, 2 Paine 426; a policy of insurance, *Carpenter* v. *Mutual Ins. Co.*, 4 Sandf. Ch. 408; *Wooddy* v. *Old Dominion Ins. Co.*, 31 Gratt. 362; notes overdue and paid by an agreement between the maker and holder, *Tuttle* v. *Moore*, 16 Minn. 123; *Smith* v. *Smith*, 3 Stew. Eq. 564; *Greenabaum* v. *Elliott*, 60 Mo. 25; *Breathwit* v. *Rogers*, 32 Ark. 758. See *Atwood* v. *Fisk*, 101 Mass. 363; a new note where the maker destroyed the original of which he had obtained pos-session under a promise to return it or execute a new one, *McMullen* v. *Van-zant*, 73 Ill. 190. See *Mathison* v. *Wilson*, 87 Ill. 51; a duplicate agreement for the sale of lands, remaining in the vendor's hands, *Hull* v. *Noble*, 40 Me. 459; an award transferring to a tanner the use of vats &c., *Kirkey* v. *Fike*, 27 Ala. 383. See *Turpin* v. *Banton*, Hardin 321; where one of two defendants holds a covenant, and the other the fund to carry out the covenant, *Ashe* v. *Johnson*, 2 Jones Eq. 149; plans, maps and surveys left with the defendant, who rented

Pattison v. Skillman.

entitled to the estate as heir, and that he cannot establish his. claim without the documents in question. It also appears from the bill that the defendant obtained them from him in a fiduciary relation. This court has jurisdiction to enforce the restitution or delivery of a specific chattel which has a peculiar artificial value, and for which, therefore, adequate compensation cannot be obtained at law; and that, too, whether possession has been got by the wrong-doer through a trust or not. *Jeremy's Eq. Jur. 467; Story's Eq. Jur. § 709.* In *Wood* v. *Rowcliffe, 2 Phillips 382, S. C. 3 Hare 304,* it was held that the jurisdiction is not

the same office after complainant had temporarily given up business as a surveyor, *McGowin* v. *Remington, 12 Pa. St. 56;* declarations of sale which are mere nullities, *Foley* v. *Kirk, 6 Stew. Eq. 170;* one of several instruments, where the others have not been executed, *Madox* v. *McQuean, 3 A. K. Marsh. 400;* a deed which defendant promised, but failed to execute according to contract, *Farrar* v. *Bridges, 5 Humph. 411; Jones* v. *Petaluma, 36 Cal. 230.* See *Goodman* v. *Randall, 44 Conn. 321; Bury* v. *Inness, 35 Mich. 189; Conlin* v. *Ryan, 47 Cal. 71; Davis* v. *Henry, 4 W. Va. 571; Wilson* v. *Getty, 57 Pa. St. 266; Arnold* v. *Cord, 16 Ind. 177;* a draft which defendant had agreed to accept in payment of articles purchased by plaintiff, *Saulsberry* v. *Blandeys, 60 Ga. 646, 53 Ga. 665;* a bond deposited in escrow, *Carter* v. *Turner, 5 Sneed 178.* See *Hoig* v. *Adrian College, 83 Ill. 267;* a note or bond delivered on a condition which failed, *Simes* v. *Everson, 46 Pa. St. 304; Shaw* v. *Burney, 1 Ired. Eq. 148;* grain in the hands of an insolvent defendant, who has been paid therefor, or in the hands of his consignees, *Sullivan* v. *Tuck, 1 Md. Ch. 59; Parker* v. *Garrison, 61 Ill. 250;* books and letters of a corporation in the hands of its late president, after his successor had been elected, *Hardcastle* v. *Maryland R. R., 32 Md. 32;* a mortgage which, after delivery, had been entrusted to the mortgagor to have recorded, which he refuses to record or deliver, *Pierce* v. *Lamson, 5 Allen 60;* a note which testator promised to give to his father, and would have done so in his will but for the dissuasion of his wife, who afterwards claimed it as executrix, *Richardson* v. *Adams, 10 Yerg. 273.*

Interference has been refused in the following cases: *Ferguson* v. *Paschall, 11 Mo. 267; Roundtree* v. *McLain, Hempst. 245; Madison* v. *Chim, 3 J. J. Marsh. 230; City Ins. Co.* v. *Olmsted, 33 Conn. 476; Pierce* v. *Plumb, 74 Ill. 326; Post* v. *Marsh (Eng. Ch.), 23 Alb. L. J. 199; Foll's Appeal, 91 Pa. St. 434; Ross* v. *Union Pacific R. R. Co., 1 Woolw. 26; Fallon* v. *Missouri Railroad Co., 1 Dill. 121; Danforth* v. *Phila. R. R., 3 Stew. Eq. 12; Noyes* v. *Marsh, 123 Mass. 286; Cone* v. *East Haddam Bank, 39 Conn. 86; Wyatt* v. *Mayfield, 91 Ill. 577; McNeil* v. *Ames, 120 Mass 481; Stewart's Appeal, 78 Pa. St. 88.* See, also, *1 White & Tudor's Lead. Cas. in Eq. *821.*—REP.

·confined to such cases, but extends to those where a party has
·obtained possession of chattels through an alleged abuse of power
·on the part of one standing in a fiduciary relation to the com-
plainant. The demurrer will be overruled.