ROBERT SCHRAFFT, executor,

*v.*

MARY CELINA WOLTERS et al.

[Filed April 5th, 1901.]

At the time of testator's death, securities belonging to him, and which were given by will to his wife, were in a compartment of a trust company's vault, the compartment having been taken in the name of testator and the wife; and she refused to give the executor the key, and the trust company refused to surrender the securities.—*Held*, that a bill by the administrator for discovery and relief was not demurrable on the ground that complainant had an adequate remedy at law.

On bill.

*Mr. Oscar Keen,* for the complainant.

*Mr. James R. Nugent,* for the defendants.

Schrafft *v.* Wolters.

STEVENS, V. C.

This is a bill for discovery and relief. The defendants filed demurrers for want of equity. The case presented is this: Frederick R. Wolters died in May last. He left a will and appointed the complainant and the defendant Frederick H. De Bow his executors. They both qualified as such. Wolters left personal property amounting to $125,000, invested in bonds, mortgages and various stocks. Shortly before his death, for the purpose of safely keeping these securities, he "rented" a box (that is, as I understand it, a small compartment) in the vaults of the Fidelity Trust Company, and took such box in the name of himself and his wife. His wife now has the keys, and refuses to give them to the executors, or to allow them to take the securities from the box, or "to ascertain the number and amount of such securities and the value thereof." By the will they are given (subject, of course, to the payment of debts, &c.) to the wife.

De Bow, one of the executors, refuses to join in the suit as a complainant, and so he is made a defendant.

The legal situation is this: The securities belonged to the testator. At the time of his death they were in the custody of the trust company, who took care of them for him. Thereafter the executors became vested with his title, and so, in point of law, the trust company now holds the securities for them. Mrs. Wolters has neither the custody nor the legal title. But because she has the key, and because she will not consent to their delivery, the trust company will not surrender them, on the ground that "it would be improper and unwise on their part to act in the matter without an order or decree of this court."

The defendants argue that the court is without jurisdiction, because the complainant has an adequate remedy at law, or, at all events, in the orphans court. But, as it is charged that the executors do not know what the securities are, it is manifest that trover or replevin would be a very inadequate remedy. As to the orphans court, it has jurisdiction over the executors, but not over the trust company or Mrs. Wolters. Unless the executors have a remedy in this court, they will be unable to proceed

in the execution of their trust. They can neither file an inventory nor an account, and they cannot pay the debts and legacies.

A bill for discovery would, of course, lie. But this would not be enough. The complainant needs something more than a mere discovery of the nature, the amount and the value of the securities. The executors are entitled to examine them, and, perhaps, to dispose of them. They are also entitled, putting their equitable right at its very lowest, even if the whole estate be given to Mrs. Wolters, to take as many of them as they need to enable them to pay debts, expenses and commissions. They are also entitled to demand from Mrs. Wolters, before she can take the securities, a proper refunding bond. A court of equity is competent to give the relief prayed for. The doctrine applicable to the delivery up of title deeds also "applies to other instruments and securities, such as bonds, negotiable instruments and other evidences of property, which are improperly withheld from the persons who have an equitable or legal interest in them." *Story Eq. Jur.* § *703.* The following, among other cases, illustrate this rule: *Banta* v. *Moore, 2 McCart. 97, 103; Pattison* v. *Skillman, 7 Stew. Eq. 344; Midland Railroad Co.* v. *Hitchcock, 7 Stew. Eq. 278; Stanton* v. *Percival, 5 H. L. Cas. 257.* And it is particularly applicable to the case of agents and others who, like the trust company, in a certain sense stand in a fiduciary relation to the plaintiff. *Wood* v. *Rowcliffe, 2 Phil. 382.* The cause in hand is not unlike *Goodale* v. *Goodale, 16 Sim. 316.*

The demurrer should be overruled.