## Loyd McGinniss, Appellee, v. First National Bank of Canton et al., Appellants.

1. EQUITY, § 32*—*what constitutes adequate remedy at law.* Although the general rule is that in all ordinary controversies concerning legal ownership or possession of chattels, replevin or trover furnishes a complete and adequate remedy, the existence of such remedy does not deprive equity of jurisdiction, unless such remedy be clear, complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.

2. EQUITY, § 34*—*when relative inconvenience of remedy at law considered.* On the question of granting or refusing equitable relief in controversies concerning the legal ownership or possession of chattels, where the defense of complete and adequate defense

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

296    APPELLATE COURTS OF ILLINOIS.

McGinniss v. First National Bank of Canton, 214 Ill. App. 295.

at law is interposed, the court will consider the relative inconvenience which would result from granting or refusing relief.

3. EQUITY, § 32*—*when remedy at law inadequate.* The refusal to dissolve a temporary injunction to restrain a bank from delivering a certificate of stock to one of the defendants, which complainant claimed had been assigned to him by the deceased owner and had been wrongfully withheld from the decedent by such other defendant and was being wrongfully withheld from plaintiff and which the bank was about to deliver to such other defendant, was proper, and complainant should not have been relegated to an action of replevin or trover, as on the face of the bill he was entitled to the certificate as a muniment of his title.

4. EQUITY, § 52*—*when remedy at law to recover stock certificate inadequate.* By analogy to the rule that a bill in equity may be maintained to recover deeds and other instruments which are evidence of complainant's title and have for that reason a peculiar value, the assignee of a certificate of stock, which he claimed was being wrongfully withheld from him by a bank for the benefit of a third party who had no right thereto, was entitled to maintain a bill to compel the transfer of such certificate, without first having had recourse to replevin or trover.

Appeal from the City Court of Canton; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919. Rehearing denied July 9, 1919.

BURNETT M. CHIPERFIELD and CLAUDE E. CHIPERFIELD, for appellants.

FRED H. SNYDER and A. E. TAFF, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The appellee filed his bill in chancery against the First National Bank of Canton, William D. Plattenburg, individually and as administrator of the estate of Lucien B. Farnsworth, deceased, and the heirs at law of Lucien B. Farnsworth, praying that the First National Bank of Canton and William D. Plattenburg,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

individually and as administrator, be directed by the decree of said court to transfer the possession of a certificate for 16,080 shares of stock of the Piru Oil and Land Company, a corporation, to the complainant, and that the appellants be enjoined and restrained from disposing of or attempting to transfer the said stock to the defendant Joseph M. Farnsworth.

The bill alleges that Lucien B. Farnsworth died June 9, 1917, and that William D. Plattenburg was appointed administrator on July 13, 1917; that in 1914, Lucien B. Farnsworth was ill at Colfax, Iowa, and, believing himself to be in his last illness, made a gift, *donatio causa mortis,* to his brother, Joseph M. Farnsworth, of 16,080 shares of stock in the Piru Oil and Land Company; that subsequently Lucien B. Farnsworth recovered from such illness and demanded from Joseph M. Farnsworth the return of the stock and directed Joseph M. Farnsworth to place it in a certain private depository box in the First National Bank of Canton; that Joseph M. Farnsworth neglected and refused to carry out the directions of Lucien B. Farnsworth touching the returning of the stock, but on the contrary deposited it with William D. Plattenburg, president of the First National Bank of Canton; that the stock is in the possession of William D. Plattenburg and the First National Bank of Canton, who claim no title or interest in it, but are holding the stock subject to the order of the defendant Joseph M. Farnsworth, of Bowling Green, Kentucky.

The bill further alleges that on June 9, 1917, Lucien B. Farnsworth, of New Mexico, being then the lawful owner of certificate No. 74 for 16,080 shares of said stock, made an assignment in writing (not on the face of the certificate, but on a separate paper) to the complainant, by reason of which assignment the complainant, Loyd McGinnis, became and was vested with the title thereto, and is now vested with such title and to

the right of possession; that complainant demanded the possession of the stock from the bank and from Plattenburg but they refused to deliver the same, claiming that they held it subject to the order of Joseph M. Farnsworth; that the bank and Plattenburg are about to deliver the stock to Joseph M. Farnsworth and if the same is so delivered, complainant will be unable to recover it and may lose the same; that the fair cash value of said stock is about $10,000.

The bill was verified by complainant and an application made for a temporary injunction without notice. The judge of the city court of Canton, in vacation, ordered the writ of injunction to issue, and an injunction was issued restraining the First National Bank of Canton, William D. Plattenburg, as administrator and individually, and Joseph M. Farnsworth from disposing of the stock until further order of the court. The National Bank of Canton and William D. Plattenburg, individually and as administrator, filed a motion to dissolve the injunction for want of equity appearing on the face of the bill. The court denied the motion and the bank and Plattenburg prayed an appeal pursuant to the provisions of section 123, ch. 110, Hurd's Rev. St. 1917.

The appellants contend that it was error to refuse to grant the motion to dissolve the injunction because the bill fails to state facts showing that complainant is entitled to relief in a court of equity, and that defendant has an adequate remedy at law by replevin and trover.

It is pointed out by the appellants and appellee that the motion to dissolve an injunction for want of equity, apparent on the face of the bill, has the same effect as a demurrer, and that all the facts well pleaded in the bill are admitted. *Durand v. Dyson,* 271 Ill. 382 (392). Appellants thereby admit that the stock belongs to appellee and that they are about to deliver it

to the defendant Joseph M. Farnsworth, of Bowling Green, Kentucky. This is a grievous wrong that appellants admit that they are about to do the appellee. Appellants, in effect, say that they are financially able to respond in damages to the appellee for the injury they intend to do him, and that they must therefore be allowed to consummate the wrong.

It is the general rule that in all ordinary controversies, concerning legal ownership or possession of chattels, the common-law actions of replevin or trover furnish a complete and adequate remedy. *Long v. Barker,* 85 Ill. 431; Pomeroy's Eq. Jur. (3rd Ed.), sec. 177. The rule has been often repeated that a party can have no standing in a court of equity who has a plain and adequate remedy or defense at law. To allow a bill to be maintained in such cases, would be to deprive the defendants of a jury trial on a question where, by the rule of the common law and our constitution, they are entitled to such trial. *Gore v. Kramer,* 117 Ill. 176 (182).

But the existence of a remedy at law does not deprive equity of jurisdiction unless such remedy be adequate. That is, it must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *People v. Bordeaux,* 242 Ill. 327 (333); *Smith v. Bates Machine Co.,* 79 Ill. App. 519 (526); *Boyce's Ex'rs v. Grundy,* 3 Pet. (U. S.) 210 (215). The court will also consider the relative inconvenience which would result from granting or refusing the relief. *Young v. Federal Union Surety Co.,* 183 Ill. App. 278 (280).

In many cases, exceptions to the general rule are recognized, and equity will interfere to compel the delivery of specific personal property on the ground that an adequate remedy is afforded, neither by an action at law to recover possession, nor by damages. Replevin does not always restore possession, and if it

so fails, the owner is relegated to a judgment for the value of the property. "The equitable jurisdiction in these cases really rests upon the fact that the only relief which the plaintiff can have is the possession of the identical thing, and this remedy cannot with certainty be obtained by any common-law action.    *    *    * This particular exercise of the jurisdiction extends for like reason, to suits to compel the delivery of deeds, muniments of title, and other written instruments, the value of which cannot, with any reasonable certainty, be estimated in money." 1 Pomeroy's Eq. Jur. sec. 185.

A share certificate is merely the paper representative of an incorporeal right, and stands on a footing similar to that of other muniments of title. *Connor v. Hillier,* 11 Rich. (S. C.) 193, 73 Am. Dec. 105. It is not in itself property, but is merely the symbol or paper evidence of property; hence the proprietary right may exist without a certificate. 10 Cyc. 389-390,-588. A share certificate, like warehouse receipts and other documents representing personal property, is a symbol by the delivery of which the shares in a corporation, which it describes, may be assigned. 10 Cyc. 589.

The appellee is entitled to the possession of the certificate of stock as a muniment of his title. With the certificate and the assignment he can go to the corporation and procure a new certificate that will make him a shareholder. It is well settled that a bill in equity may be maintained to recover deeds and other instruments which are evidence of plaintiff's title, and have for that reason a peculiar value. By analogy to this rule, the appellee is entitled to the delivery of the stock certificate to be used by him as evidence in establishing his status as a stockholder, and his bill may be maintained for that purpose. *Lawler v. Kell,* 6 Ohio Dec. 311 (stock certificate); *McMullen v. Vanzant,* 73

Ill. 190 (promissory note); *Jackson v. Butler,* 2 Atk. 306 (mortgage deeds); *Duncombe v. Mayer,* 8 Ves. 319 (title deeds); *Beresford v. Driver,* 14 Beav. 387, 16 Beav. 134 (documents relating to title to lands); *Williams v. Carpenter,* 14 Colo. 477 (title deeds); *Stanton v. Miller,* 65 Barb. 58 (deed in escrow); *Baum's Appeal,* 113 Pa. St. 58 (deed in escrow); *Goodale v. Goodale,* 16 Sim. 316 (bill by executor to recover securities of the estate); *Gibson v. Ingo,* 6 Hare 112 (certificate of registry of ship); *Gough v. Crane,* 3 Md. Ch. 119 (choses in action); *Schrafft v. Wolters,* 61 N. J. Eq. 467, 48 Atl. 782 (bill by executor to recover securities of the estate); *Equitable Trust Co. v. Garis,* 190 Pa. St. 544, 70 Am. St. Rep. 644 (title deeds); *Kelly v. Lehigh Min. & Mfg. Co.,* 98 Va. 405, 81 Am. St. Rep. 736 (title deeds).

The court did not err in denying the motion to dissolve the injunction, and the decree will be affirmed.

*Affirmed.*