This is a motion to strike complainant's bill and is also the return day of an order to show cause why the defendant should not be enjoined from divulging the business secrets of complainant and from copying, removing, destroying or in any way disposing of the salesmen's correspondence, copies of replies from salesmen to the sales manager, copies of letters from the home office to salesmen, copies of monthly statements to salesmen, copies of weekly payroll sheets and customers' correspondence generally.
The bill charges that these letters and documents are vital to the continued operation of its business; that it is engaged in the sale and distribution of industrial lamps and lights and that the foundation of its business is the good will of its *Page 172 
salesmen and their customers; that the withholding by defendant of these letters and documents will cause it irreparable harm and monetary damage, impossible of calculation. The bill prays discovery and that it be decreed that the defendant deliver up possession of the letters and documents taken by him from the files of complainant during the course of his employment as its sales manager.
Complainant employed a staff of salesmen and district managers, located throughout the country. The bill alleges that the defendant was its sales manager, and as such, managed the sales and distribution of the products of the company, managed the salesmen, district managers and divisional sales managers, and possessed the power to employ and discharge salesmen, subject to the approval of the company; that the greater portion of the letters and documents removed by the defendant were by him taken to his home where he still retains the same after demand upon him to return them, and that the defendant has threatened to go into the same business as that of complainant.
The motion to strike is denied. The suit is one in the nature of equitable replevin and discovery.
"This court has jurisdiction to enforce the restitution or delivery of a specific chattel which has a peculiar artificial value, and for which, therefore, adequate compensation cannot be obtained at law; and that, too, whether possession has been got by the wrongdoer through a trust or not." Pattison v.Skillman, 34 N.J. Eq. 344. "* * * The doctrine applicable to the delivery up of title deeds also `applies to other instruments and securities, such as bonds, negotiable instruments and other evidences of property, which are improperly withheld from the persons who have an equitable or legal interest in them.'"Schrafft v. Wolters, 61 N.J. Eq. 467; 48 Atl. Rep. 782. The jurisdiction of the court in matters such as are presented in the instant case is supported by a wealth of authority. Burr v.Bloomsburg, 101 N.J. Eq. 615; 138 Atl. Rep. 876; Redmond v.New Jersey Historical Society, 132 N.J. Eq. 464; 28 Atl. Rep.
2d 189; Ipswich Mills v. Dillon, 157 N.E. Rep. 604;53 A.L.R. 792; Union Switch and Signal Co. v. Sperry,169 Fed. Rep. 926. *Page 173 
On the return of the order to show cause, the answer of the defendant and the defendant's affidavit annexed thereto admits that he had "some odds and ends of correspondence" which he returned to their proper files, but he also says that he has "four folders containing correspondence with the prime licensees whom I was to interview * * *," and "I admit I have certain material in my possession; but I say that they involve no business secret; and that they are useless and worthless to me. * * *" He says he has four licensee folders, the contents of which "* * * are, and could be, of no value to me * * *" and are of no value "* * * to anyone other than to complainant. * * * I have had this folder at my home for some time. * * *" He admits the possession of monthly statements to salesmen and of weekly payroll sheets of licensees which he says are copies of original records and statements and claims them as his property. And while he denies the complainant's charge that he intended to go into business for himself, he says that he concedes that "I may have said that I would like to go into business for myself. But this idea I have — like most men — always had. * * *"
Certainly the defendant who is no longer employed by complainant cannot be harmed by the injunction pending final hearing, and on this application the court must consider what injury the defendant might suffer from an injunction, assuming that he shall prevail at final hearing and what injury might be done complainant if the injunction be denied and yet complainant should finally win. So considering the matter, and in order to maintain the status quo, I shall advise an order enjoining the defendant until the further order of the court from divulging the business secrets of complainant and from copying, removing, destroying or in any way disposing of the salesmen's correspondence, copies of replies from the salesmen to the sales manager, copies of letters from the home office to the salesmen, copies of monthly statements to salesmen, copies of weekly payroll sheets, customers' correspondence, copies of correspondence between the home office and customers, inter-office correspondence and sales literature.
Present an order. *Page 174